UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

ROBERT ALSPAUGH,          )
                                                )
                Plaintiff,       )      Case No. 2:07-cv-136
                                                )
v.                                            )      Honorable R. Allan Edgar
                                                )
T. DAHL, et al.,              )
                                                )
                Defendants.   )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections, (Unknown) Place, Mike Laitinen, and James Armstrong. The Court will serve the complaint against Defendants T. Dahl,

(Unknown) Keveren, (Unknown) Buckner, (Unknown) Marshall, (Unknown) Carron, Robert Napel, Gerald Hofbauer, and Jack Bellinger.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated at the Southern Michigan Correctional Facility, but complains of events that occurred while he was housed at the Marquette Branch Prison (MBP). On August 27, 2005, Officer T. Dahl ordered Plaintiff to come to the front of his cell so that he could be restrained before being removed. Although Plaintiff was already at the front of his cell, Officer Dahl left without restraining him, but returned soon after and ordered Plaintiff to prepare to be strip searched. Plaintiff complied, removing his shirt and shorts. Nonetheless, Lt. Dahl and other members of the extraction team sprayed Plaintiff in the face with pepper spray. Defendants knew that the pepper spray posed a particularly serious risk to Plaintiff's health due to the fact that he is HIV positive and has Hepatitis C. Plaintiff was escorted to the shower area where his requests for medical attention were ignored. A subsequent kite requesting medical attention was also ignored.

Plaintiff brings this suit against MBP Correctional Officers (Unknown) Kevern, (Unknown) Buckner, (Unknown) Marshall, and (Unknown) Carron; MBP Shift Commander T. Dahl; MBP Warden Gerald Hofbauer and Assistant Deputy Warden Robert Napel; MBP Registered Nurse Jack Bellinger; MBP Grievance Counselor Mike Laitinen; Inspector (Unknown) Place; Manager of Prisoner Affairs James Armstrong; and the Michigan Department of Corrections. He claims that Defendants Dahl, Kevern, Buckner, Marshall, Carron, Bellinger, Napal, and Hofbauer violated his rights under the Eighth Amendment by authorizing, ordering, or using excessive force and denying him medical attention after the battery. He claims that Defendants Place, Laitinen, and

Armstrong denied him due process with regard to the grievances he filed concerning the pepper spray incident. For relief, Plaintiff seeks compensatory and punitive damages in the aggregate amount of $145, 000.

    II.    <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). First, Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the Michigan Department of Corrections is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a

"person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Therefore, the Court dismisses the complaint against the Michigan Department of Corrections.

Plaintiff also complains that Defendants Place, Laitinen and Armstrong denied him due process in connection with the grievances he filed concerning the alleged excessive use of force. However, the Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994); *McGee v. Grant*, No. 88-1842, 1988 WL 131414, at *1 (6th Cir. Dec. 9, 1988); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996, at *1 (6th Cir. Oct. 24, 1988). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. Because Plaintiff has no liberty interest in the grievance process, the actions of Defendants Place, Laitinen and Armstrong did not violate his constitutional rights. Accordingly, the Court dismisses the complaint against Defendants Place, Laitinen and Armstrong.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the complaint against Defendants Michigan Department of Corrections,

(Unknown) Place, Mike Laitinen and James Armstrong will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants T. Dahl, (Unknown) Keveren, (Unknown) Buckner, (Unknown) Marshall, (Unknown) Carron, Robert Napel, Gerald Hofbauer, and Jack Bellinger.

An Order consistent with this Opinion will be entered.


Dated: 9/17/07                             */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Judge