UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT ALSPAUGH JR. #267497,

    Plaintiff,

v.                                           Case No. 2:07-cv-136
                                                HON. R. ALLAN EDGAR

T. DAHL, et al.,

    Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on June 18, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, the Magistrate Judge concluded that the force used by Defendants was not excessive in violation of the Eighth Amendment. In his objections, Plaintiff states that the Magistrate Judge improperly made credibility determinations and that his allegations regarding the assault were sufficient to withstand a motion for summary judgment. However, Plaintiff is mistaken. As noted by the Magistrate Judge in the report and recommendation, Plaintiff conceded that he initially refused requests by Defendant Dahl to come to the front of the cell. Even if it is true that Plaintiff eventually relented and indicated that he would allow himself to be placed

in restraints, Defendants' use of force was reasonable given Plaintiff's prior repeated refusals to submit to authority. In addition, the Magistrate Judge properly noted that the decision to use a chemical agent to obtain physical control is generally preferable to the use of physical force. *See Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992); *Soto v. Dickey*, 744 F.2d 1260, 1262 (7th Cir. 1984). Therefore, Plaintiff's objections on this issue lack merit.

Plaintiff also claims that the Magistrate Judge improperly recommended summary judgment on his denial of medical care claims against Defendant Bellinger. However, the record in this case shows that Defendant Bellinger reviewed Plaintiff's medical records and determined that he constituted a normal risk for the use of chemical agents, Plaintiff was taken to the showers after chemical agents were used, where an evaluation by Defendant Bellinger revealed no signs of coughing, wheezing, shortness of breath, or other respiratory problems. Plaintiff was observed shouting across an open bay area to other inmates immediately after the incident. Finally, there is no record in Plaintiff's medical files that he ever requested further treatment related to the use of the chemical agent. (*See* Jack Bellinger's Affidavit, Exhibit 1 to Defendant Bellinger's motion for summary judgment.) Therefore, Plaintiff's objections on this issue lack merit.

Finally, for the reasons set forth in the report and recommendation, Defendants are entitled to summary judgment on Plaintiff's conspiracy claims, as well as to qualified immunity. Accordingly,

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.  Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:        9/26/08                              */s/ R. Allan Edgar*
                                                   R. ALLAN EDGAR
                                                   UNITED STATES DISTRICT JUDGE